# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   TEXAS REDS, INC.,                                      No. 7-04-15995 JS

        Debtor.

YVETTE GONZALES, Trustee,

        Plaintiff,

v.                                                              Adversary No. 09-1132 J

NANCIGAIL MILLER,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Nancigail Miller's Motion for

Summary Judgment on Motion to Dismiss for Lack of Personal Jurisdiction ("Summary

Judgment Motion"). (Docket No. 16).[1]  Ms. Miller, a resident of San Marcos, Texas, asserts that

the Court lacks personal jurisdiction over her under the New Mexico long-arm statute and the

due process clause of the Fourteenth Amendment.  Plaintiff counters that Ms. Miller falls within

the long-arm statute by virtue of transacting business within the State of New Mexico and that

---

[1]Ms. Miller, by and through her attorney, Shay Meagle, filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (Docket No. 5), and Plaintiff Yvette Gonzales, by and through her attorneys, Law Office of George "Dave" Giddens (Christopher M. Gatton), filed a response (Docket No. 11).  At the continued preliminary hearing on the Motion to Dismiss, the Court set a briefing schedule directing the Defendant to file any motion for summary judgment on the Motion to Dismiss no later than February 16, 2010, with Plaintiff's response due twenty days thereafter, and any reply due by March 19, 2010.  Ms. Miller filed a memorandum in support of the Summary Judgment Motion (Docket 17); Plaintiff filed a response brief (Docket No. 22); and Ms. Miller filed a reply (Docket No. 23).

she has had sufficient minimum contacts with the state to satisfy the requirements of constitutional due process.

After consideration of the parties' positions in light of the applicable law, the Court finds that both parties' arguments are somewhat misplaced. Because this adversary proceeding invokes "federal question" jurisdiction under 28 U.S.C. § 1334(b), constitutional due process concerns must be examined under the Fifth Amendment, not the Fourteenth Amendment.[2] Federal Rule of Bankruptcy Procedure 7004(f) provides for personal jurisdiction over any defendant with respect to civil proceedings arising in or related to a case under the Bankruptcy Code. Federal Rule of Bankruptcy Procedure 7004(d) provides for nationwide service of process. This Court has personal jurisdiction over Ms. Miller provided that the Court has subject matter jurisdiction, that she received proper service of the summons and complaint in accordance with Fed.R.Bankr.P. 7004, and that the exercise of such jurisdiction is consistent with the Fifth Amendment. The Court finds that the undisputed facts establish that the Court has personal jurisdiction over Ms. Miller in this adversary proceeding.

BACKGROUND

Texas Reds, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 16, 2004. While in Chapter 11, Richard Parmley was appointed Chapter 11 Trustee.[3] In May of 2008, Ms. Miller signed a Letter of Intent to purchase the Debtor's restaurant assets for $50,000.00 which was delivered to Mr. Parmley and accompanied

---

[2] *See In re Harwell,* 381 B.R. 885, 888 n.1 (Bankr.D.Colo. 2008)(noting that when "federal question" jurisdiction is invoked under 28 U.S.C. §1334(b), "the 'sovereign' exercising jurisdiction over Defendants is the United States, not the State of Colorado, and the constitutionality of the jurisdiction must be tested against the Fifth Amendment, not the Fourteenth.")(citing *Peay v. BellSouth Medical Assistance Plan,* 205 F.3d 1206, 1210 (10th Cir. 2000)); *In re Tipton,* 257 B.R. 865, 871 (Bankr.E.D.Tenn. 2000)("Personal jurisdiction in federal question cases is a matter of federal law, to be governed by the due process standards of the Fifth Amendment rather than the Fourteenth Amendment.")(citation omitted).

[3] *See* Case No. 04-15995, Order Approving Appointment of a Chapter 11 Trustee (Docket No. 111).

by a $500.00 earnest money deposit.[4]  The Debtor's case converted to Chapter 7 on June 10, 2008, and Yvette Gonzales was appointed the Chapter 7 Trustee.[5]  Mr. Parmley did not accept the offer embodied in the Letter of Intent.  The Chapter 7 Trustee filed a Motion to Approve Sale of Restaurant Assets Free and Clear of Liens[6] and an Expedited Motion to Approve Lease of Restaurant Assets and Sale of Inventory Pending Approval of Sale of All Restaurant Assets,[7] and obtained an Order Granting Motion to Approve Sale of Restaurant Assets ("Sale Order")[8] and an Order Granting Expedited Motion to Approve Lease of Restaurant Assets And Sale of Inventory Pending Approval of Sale of All Restaurant Assets ("Lease and Inventory Order").[9] The Sale Order approved the sale of restaurant assets to Ms. Miller for $50,000.00, and the Lease and Inventory Order approved a week to week lease for the operation of the restaurant and for the purchase of restaurant inventory.  *Id.*  Ms. Miller did not purchase the restaurant assets, pay the rent, or pay for the inventory, and Plaintiff sold the restaurant assets to another buyer.

Plaintiff filed her Complaint for Breach of Contract ("Complaint") against Ms. Miller seeking to recover the difference between the purchase price contained in the Sale Order and the price the Trustee obtained from a subsequent buyer, and to recover amounts due under the short term lease and purchase of inventory contemplated under the Lease and Inventory Order.[10] Plaintiff served the Complaint and Summons and Notice of Scheduling Conference on Ms. Miller by first class mail, c/o Texas Reds Steakhouse & Saloon, 120 Grove Street, San Marcos, Texas and to Ms. Miller at 2100 Hugo Road, San Marcos, Texas.  Ms. Miller filed the Motion to

---

[4] *See* Motion for Summary Judgment, Exhibit F; Response to Defendant Nancigail Miller's Memorandum in Support of Motion for Summary Judgment on Motion to Dismiss for Lack of Personal Jurisdiction ("Response") (Docket 22), Exhibit B.
[5] *See* Case No. 04-15995, Order of Conversion (Docket No. 208); Amended Order of Conversion (Docket No. 210);
[6]*See* Case No. 04-15995, Docket No.216.
[7] *See* Case No. 04-15995, Docket No.218.
[8] *See* Case No. 04-15995; Docket No. 235.
[9] *See* Case No. 04-15995; Docket No. 220.
[10] *See* Complaint for Breach of Contract (Docket No. 1).

Case 09-01132-j    Doc 26    Filed 04/26/10    Entered 04/26/10 17:19:03 Page 3 of 12

Dismiss contesting personal jurisdiction in lieu of filing an Answer to the Complaint.   She

contends that she never agreed to purchase any assets from the Chapter 7 Trustee.

DISCUSSION

Summary judgment is governed by Rule 56, Fed.R.Civ.P., made applicable to adversary

proceedings by Rule 7056, Fed.R.Bankr.P.  Summary judgment is appropriate when there are no

genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

Ruel 56(c)(2), Fed.R.Civ.P.  "[A] party seeking summary judgment always bears the initial

responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986).  It is undisputed that Ms. Miller is a resident of the State of

Texas, was served with the Complaint and Summons and Notice of Scheduling Conference in

accordance with Rule 7004, Fed.R.Bankr.P., and signed the Letter of Intent.  As discussed

below, these facts as applied to the controlling law demonstrate that Ms. Miller is subject to this

Court's personal jurisdiction.  Consequently the Motion for Summary Judgment (and the Motion

to Dismiss)[11] must be denied.

Ms. Miller correctly states that Plaintiff bears the burden of establishing the existence of

personal jurisdiction.[12]  Rule 7004, Fed.R.Bankr.P. provides for nationwide service of process

and consequent personal jurisdiction over "any defendant with respect to a case under the Code

or a civil proceeding arising under the Code or arising in or related to a case under the Code,"

provided the exercise of such jurisdiction is "consistent with the Constitution and the laws of the

---

[11] When considering a motion to dismiss for lack of personal jurisdiction based solely upon the written submissions of the parties, "the plaintiff must only make a *prima facie* showing that personal jurisdiction exists," and the court must construe the pleadings and the evidence presented in the light most favorable to the plaintiff. *Tipton,* 257 B.R. at 870 (citation omitted).

[12] *See Tipton,* 257 B.R. at 870 (stating that "[t]he plaintiff bears the burden of establishing that personal jurisdiction exists.")(citation omitted); *Lipshie v. Am Cable TV Indus., Inc. (In re Geauga Trenching Corp.),* 110 B.R. 638, 647 (Bankr.E.D.N.Y. 1990)("stating that "[a] Rule 12(b)(2) dismissal motion for lack of personal jurisdiction places the ultimate burden on the party asserting jurisdiction.").

-4-

United States." Rule 7004(f), Fed.R.Bankr.P. Thus, in order to establish personal jurisdiction over a defendant in an adversary proceeding, Plaintiff must satisfy the following three requirements: "(1) service of process has been made in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure or Fed.R.Civ.P. 4; (2) the action is 'a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code'; and (3) 'exercise of jurisdiction is consistent with the Constitution and the laws of the United States.'" *Tipton,* 257 B.R. at 870 (quoting Fed.R.Bankr.P. 7004(f)).

Service of Process Under Rule 7004

Plaintiff served Ms. Miller by first class mail sent care of her business, Texas Reds Steakhouse & Saloon, and to Ms. Miller individually. Service by mail is consistent with the requirements of Rule 7004, Fed.R.Bankr.P.[13] and Ms. Miller does not contest the sufficiency of service under Rule 7004, Fed.R.Bankr.P. The Court therefore finds that Plaintiff properly served the Complaint and Summons and Notice of Scheduling Conference on Ms. Miller.

Whether the Court has Subject Matter Jurisdiction Over this Adversary Proceeding

Plaintiff's cause of action falls within the Bankruptcy Court's federal jurisdiction conferred by 28 U.S.C. § 1334(b), which provides, in relevant part:

> [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> 28 U.S.C. § 1334(b).

"Proceedings arising under title 11 or arising in or related to a case under title 11" are referred to the bankruptcy judges for that district by the district court. 28 U.S.C. § 157(a). Bankruptcy

---

[13] Rule 7004(b), Fed.R.Bankr.P. provides, in relevant part:
> [S]ervice may be made within the United States by first class mail postage prepaid as follows:
> > (1) Upon an individual . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.
> Fed.R.Bankr.P. 7004(b).

Case 09-01132-j    Doc 26    Filed 04/26/10    Entered 04/26/10 17:19:03 Page 5 of 12

courts have jurisdiction over core matters, which include "matters concerning the administration

of the estate" and "other proceedings affecting the liquidation of the assets of the estate"; and

non-core matters, which are matters otherwise related to a case under title 11. 28 U.S.C. §

157(b)(2)(A) and (O); 28 U.S.C. § 157(b)(3). Bankruptcy courts also have jurisdiction over non-

core matters, which are matters otherwise "related to" a bankruptcy.[14] A matter is "related to" a

bankruptcy when "the outcome of that proceeding could conceivably have any effect on the

estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.

1984)(citations omitted). "[I]f the outcome could alter the debtor's rights, liabilities, options, or

freedom of action in any way, thereby impacting on the handling and administration of the

bankruptcy estate" the proceeding is sufficiently related to the bankruptcy to fall within the

bankruptcy court's jurisdiction over non-core matters. *Gardner v. United States (In re Gardner),*

913 F.2d 1515, 1518 (10th Cir. 1990)(citation omitted).

Although the Complaint alleges a cause of action for breach of contract which does not

require the application of any section under the Bankruptcy Code, the cause of action stems from

the Sale Order and the Lease and Inventory Order, and alleges post-petition contracts with the

bankruptcy estate. The outcome of this adversary proceeding affects the amount of estate assets

to be administered in the bankruptcy. Consequently, it is clear that the bankruptcy court has

jurisdiction over this adversary proceeding, whether it is characterized as a core or non-core

proceeding.[15]

---

[14] *See Gregory Ranch v. Lyman (In re Gregory Rock House Ranch, LLC),* 339 B.R. 249, 253 (Bankr.D.N.M. 2006)(stating that "[t]he bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate.").
[15] *See Hatchrite Corp. v. Chesterfield Fin. Corp (In re Hatchrite Corp.),* 211 B.R. 58, 61 (Bankr.E.D.Okla. 1997)(acknowledging that "'[t]he majority of courts have held a party's post-petition contract dispute with a debtor-in-possession is a core matter under 27 U.S.C. §§ 157(b)(2)(A) . . .'")(quoting *General American Communications Corp. v. Landsell (In re General American Communications Corp., ),* 130 B.R. 136, 155 (S.D.N.Y. 1991)(citations omitted)); *Bass v. Millican (In re Telemarketing Communications),* 95 B.R. 794 (Bankr.D.Colo. 1989)(finding that chapter 11 debtor's damage action arising from a post-petition contract for the sale of assets was a core proceeding);

-6-

Whether the Court's Exercise of Personal Jurisdiction Satisfies Constitutional Concerns

Having determined that Ms. Miller was properly served in accordance with

Fed.R.Bankr.P. 7004 and that this adversary proceeding falls within the Court's federal question

jurisdiction, the Court must last consider whether the exercise of personal jurisdiction over Ms.

Miller is consistent with the Constitution. Constitutional sufficiency of due process is ordinarily

measured under a minimum-contacts test with the forum state. *See Int'l Shoe Co. v. Washington,*

326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, because matters arising in or related

to bankruptcy fall within the bankruptcy court's federal question jurisdiction, and the applicable

rules of procedure permit nationwide service of process, many courts addressing the question of

constitutional due process conclude that a minimum contacts inquiry with the state where the

bankruptcy court is located is unnecessary; rather, the nationwide service of process authorized

by Fed.R.Bankr.P. 7004(d) extends personal jurisdiction over any person who has sufficient

minimum contacts with the United States. *See., e.g., Travelers Casualty & Surety Co. v.*

*Desselle (In re Fries),* 378 B.R. 304, 310 (Bankr.D.Kan. 2007)(stating that "[t]he general

personal jurisdiction limits over non-resident defendants do not apply where nationwide service

of process is authorized. . . . minimum contacts analysis is unnecessary."); *American Freight*

*System, Inc. v. Temperature Systems, Inc. (In re American Freight System, Inc.),* 173 B.R. 739,

741 (Bankr.D.Kan. 1994)(stating that "service pursuant to the Rule [7004(d)] gives . . . [the

court] personal jurisdiction over any entity that has minimum contacts with the United States,

without regard to the entity's contacts with the state in which the Court happens to sit.")(citation

---

*Meininger v. Swasey (In re Sarasota Casual, Inc.),* 90 B.R. 496, 498 (Bankr.M.D.Fla. 1988)(finding that trustee's
action for breach of post-petition contract was a core proceeding). *See also, Arnold Print Works, Inc. v. Apkin (In re
Arnold Print Works, Inc.),* 815 F.2d 165, 170 (noting that under the 1898 Bankruptcy Act, "'a court of bankruptcy
has summary power over a delinquent purchaser at a sale in the bankruptcy proceedings. He may be ordered to pay
the stipulated price or to pay the deficiency resulting from a resale. The jurisdiction of the court to act summarily in
such a matter is the same as that of a court of equity in any judicial sale.'")(quoting 4B King, Collier on Bankruptcy
¶ 70.98, at 1202-03 (14th ed. 1978)).

omitted); *Hatchrite,* 211 B.R. at 61(noting that "[t]he minimum contact test had no relevance because § 1334 provided it with federal question jurisdiction.")(citing *Gen. American Communications,* 130 B.R. 136 at 160)); *Adams v. Medical Accounts Receivable Solutions, Inc. (In re Coram Healthcare Corp.),* 2003 WL 22948234 at *2 (Bankr.D.Del. 2003)(unreported)("When a federal statute or rule, such as Rule 7004(d), permits the service of process beyond the boundaries of the forum state, then the issue is whether the party has sufficient contacts with the United States, not any particular state.")(citations omitted).  "The propriety of process issuing from federal courts sitting in cases arising under federal law is not tested by the same yardstick as is the constitutional limitation up on service of process issuing from state courts because the issues involved necessarily are often national in character."  *Hogue v. Milodon Engineering, Inc.,* 736 F.2d 989, 991 (4ᵗʰ Cir. 1984)(citing *Time, Inc. v. Manning,* 366 F.2d 690, 694 (5ᵗʰ Cir. 1966)).  The cases cited by Ms. Miller in support of her Summary Judgment Motion are inapplicable inasmuch as they either arose in a federal diversity action, or concerned a foreign defendant.[16]

At least two circuit courts have held that personal jurisdiction under Fed.R.Bankr.P. 7004(f) meets constitutional concerns based on the defendant's contacts with the United States, rather than the state where the bankruptcy court is located, reasoning that where the Bankruptcy Court has federal subject matter jurisdiction over the adversary proceeding, such defendants are subject to personal jurisdiction.  *See Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1244 (7ᵗʰ Cir. 1990)(stating that defendant's contacts with the state were "simply irrelevant" because there were sufficient contacts with the United States to subject the defendants

---

[16]*See Benton v. Cameco Corp.,* 375 F.3d 1070 (10ᵗʰ Cir. 2004 )(contract dispute between a Colorado resident and a Canadian company); *FarWest Capital, Inc. v. Towne,* 46 F.3d 1071 (10ᵗʰ Cir. 1995)(non-resident defendant in diversity action); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086 (10ᵗʰ Cir. 1998)(Canadian defendants).  None of the cases cited by Ms. Miller concerned a federal statute providing for nationwide service of process.

Case 09-01132-j    Doc 26    Filed 04/26/10    Entered 04/26/10 17:19:03 Page 8 of 12

to *in personam* jurisdiction); *Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.),* 124 F.3d 619, 630 (4th Cir 1997)(stating that the question of minimum contacts with the forum state is irrelevant, explaining that "when an action is in federal court on 'related to' jurisdiction, the sovereign exercising authority is the United States, not the individual state where the federal court is sitting."). Further, the bankruptcy court's personal jurisdiction based on Fed.R.Bankr.P. 7004(f) applies equally to both core and non-core proceedings. *Diamond Mortgage,* 913 F.2d at 1243 and 1244 (stating that nothing in Rules 1001, 7001 or 7004(d) "even remotely suggests that they are to be applied differently in core and non-core proceedings[ ]" and holding that Rule 7004(d) which allows for nationwide service of process applies to non-core, related proceedings).

The Tenth Circuit has not squarely addressed the issue of personal jurisdiction based on Fed.R.Bankr.P. 7004(f) in adversary proceedings filed in a bankruptcy case, but has considered the question of nationwide service of process under ERISA, another federal statute that provides for nationwide service of process. *See Peay v. BellSouth Medical Assistance Plan,* 205 F.3d 1206, 1211 (10th Cir. 2000).[17] In *Peay,* the Tenth Circuit rejected the so-called "national contacts" test which requires sufficient contacts with the United States as opposed to the state in which the federal court is located, stating that "[w]e are convinced that due process requires something more." *Peay,* 205 B.R. at 1211. The Tenth Circuit reasoned that the fairness and reasonableness requirements under the Fourteenth and Fifth Amendments should not be

---

[17]Given that the orderly and efficient administration of a bankruptcy case necessarily requires a mechanism for resolving competing claims and interests arising from activities which may have occurred throughout the United States in one centralized forum, it is not clear that the Tenth Circuit would extend the test enunciated in *Peay* to bankruptcy jurisdiction. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 878 n.40, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)(noting "that one of the express purposes of the [Bankruptcy] Act was to ensure adjudication of all claims in a single forum and to avoid the delay and expenses of jurisdictional disputes.")(citing H.R.Rep. No. 95-595, pp. 43–48 (1977); S.Rep. No. 95-989, p. 17 (1978)). This Court need not decide that issue because even under the *Peay* test this Court has personal jurisdiction over Ms. Miller in this adversary proceeding.

-9-

disregarded entirely simply because jurisdiction is asserted under a federal statute that authorizes nationwide service of process. *Id.* at 1212. Rather, because the Fifth Amendment is designed to protect "'litigants against the burdens of litigation in an unduly inconvenient forum,'"[18] testing the constitutional sufficiency of personal jurisdiction based on nationwide service of process requires "the plaintiff's choice of forum to be fair and reasonable to the defendant." *Id.*

Under *Peay,* the determination of whether the Court's exercise of personal jurisdiction comports with due process requires a two-step analysis. First, the defendant must demonstrate "'constitutionally significant inconvenience.'"[19] This requires the defendant to show "'that his liberty interests actually have been infringed'''[20] and that "the exercise of jurisdiction in the chosen form will 'make litigation so gravely difficult and inconvenient that [he] is at a severe disadvantage in comparison to his opponent.'"[21] This standard is very difficult to meet, particularly in this age of instant communication and modern transportation which lessens the burdens of litigating in an out-of-state forum.[22] "'[I]t is only in highly unusual cases that inconvenience will rise to a level of constitutional concern.'"[23] If the defendant demonstrates constitutionally significant inconvenience, the Court will then consider whether "'the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant.'"[24] Where the defendant fails to demonstrate that the exercise of the court's personal jurisdiction impinges upon his or her liberty interests sufficiently to raise constitutional due

---

[18] *Id.* at 1212 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg), S.A.,* 119 F.3d 935, 946 (11th Cir. 1997)).

[19] *Peay,* 205 F.3d at 1212 (quoting *Republic of Panama,* 119 F.3d at 946).

[20] *Id.* at 1212 (quoting *Republic of Panama*, 119 F.3d at 946).

[21] *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.3d 2d 528 (1985)).

[22] *Id.* at 1213 (citations omitted). *See also, In re Harwell,* 381 B.R. 885, 890 (Bankr.D.Colo. 2008)(acknowledging the "extraordinarily high burden placed on Defendants by the *Peay* test.")

[23] *Peay*, 205 F.3d at 1213 (quoting *Republic of Panama,* 119 F.3d at 947).

[24] *Id.* at 1213 (quoting *Republic of Panama,* 119 F.3d at 948).

-10-

process concerns, the court need not weigh the defendant's burden against the "federal policies advanced by the statute." *Republic of Panama,* 119 F.3d at 948.[25]

Ms. Miller has not demonstrated that litigation in this Court would impinge upon her liberty interests such that this Court's exercise of personal jurisdiction over her violates her Constitutional due process rights under the *Peay* test. Ms. Miller resides in San Marcos, Texas, one state away from New Mexico where this Court sits. Although she contests that she sent the Letter of Intent to the Chapter 11 Trustee, and steadfastly asserts that she was completely unaware of the Sale Order and the Lease and Inventory Order, she nevertheless admits that she signed the Letter of Intent which was addressed to the Chapter 11 Trustee. She has retained counsel in New Mexico to represent her in this adversary proceeding. Whether she was aware of the Sale Order or the Lease and Inventory Order or otherwise participated in the negotiations for the sale of the Debtor's assets, relates to the merits of this adversary proceeding. Nothing before the Court suggests that requiring Ms. Miller to litigate in the centralized forum for the administration of this bankruptcy case will cause her such a grave inconvenience and disadvantage as to constitutionally impinge upon her liberty interests. The Court is, therefore, satisfied that the exercise of personal jurisdiction over Ms. Miller in this adversary proceeding is consistent with the Constitution.

Even if Ms. Miller had established constitutionally significant inconvenience, the Court finds that the federal interest in litigating this proceeding before this bankruptcy court outweighs the burden imposed on Ms. Miller.[26] The subject of this adversary proceeding is a post-petition

---

[25] *See also Harwell,* 381 B.R. at 891 (noting that because defendants had not met their initial burden of showing constitutionally significant inconvenience, it was not necessary to address the second part of the *Peay* test).
[26]*Peay,* 205 F.3d at 1213 (stating that "[i]f a defendant successfully demonstrates that litigation in the plaintiff's chosen form is unduly inconvenient, then 'jurisdiction will comport with due process only if the federal interest in litigant the dispute in the chosen forum outweighs the burden imposed on the defendant.'")(quoting *Republic of Panama,* 119 F.3d at 948).

-11-

transaction to purchase estate assets. The Chapter 7 Trustee commenced this proceeding to discharge her duty to administer property of the estate. The federal interest in litigating the claim asserted in this adversary proceeding in the centralized bankruptcy forum in which this case is being administered outweighs the burden on Ms. Miller of defending herself in this Court.

CONCLUSION

Ms. Miller was properly served with the Complaint and Summons and Notice of Scheduling Conference in accordance with Fed.R.Bankr.P. 7004. The Court has subject matter jurisdiction over this adversary proceeding. Nothing raised by Ms. Miller rises to the level of constitutionally significant inconvenience. Based on nationwide service of process afforded under Fed.R.Bankr.P. 7004(d), and the significant federal interest in litigation of matters that affect the administration of the debtor's bankruptcy estate in the centralized bankruptcy forum in which the case is being administered, the Court concludes that personal jurisdiction over Ms. Miller comports with constitutional due process. The Court will, therefore, deny the Motion for Summary Judgment and deny the Motion to Dismiss. Ms. Miller's request for attorneys' fees incurred in filing the Motion for Summary Judgment will also be denied.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 26, 2010

COPY TO:

George "Dave" Giddens             Shay E. Meagle
Attorney for Plaintiff            Attorney for Defendant
10400 Academy, Suite 350          1903 Wyoming Blvd. NE, Suite B
Albuquerque, NM 87111             Albuquerque, NM 87112