**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**


In re:   TEXAS REDS, INC.,                                        No. 7-04-15995 JS

      Debtor.

YVETTE GONZALES, Trustee,

      Plaintiff,

v.                                                                          Adversary No. 09-1132 J

NANCIGAIL MILLER et al.,

      Defendants.


MEMORNDUM OPINION

This matter is before the Court on Defendant Walter Reardon's Motion to Dismiss Count 1 ("Motion to Dismiss")(Docket No. 38).  Plaintiff, Yvette J. Gonzales, chapter 7 trustee (the "Trustee") filed a First Amended Complaint for Breach of Contract and for Damages Caused by Civil Conspiracy to Defraud the Court and for Recovery of Account Receivable ("Amended Complaint"), which, among other things, joined Mr. Reardon as an additional defendant.   The Amended Complaint (Docket No. 32) alleges two claims against Mr. Reardon:  1) breach of contract; and 2) civil conspiracy to defraud the Court.  The Trustee alleges that Mr. Reardon is liable as a party to the contract because he acted as agent for an undisclosed principal; she further alleges that Mr. Reardon is liable for civil conspiracy to defraud the Court because of his role in connection with a sale of assets approved by this Court.   Mr. Reardon asserts that these claims do not state a cause of action, and argues further that the Trustee's claim for breach of contract is barred by the statute of frauds.    The Court heard oral argument on the Motion to Dismiss on July 21, 2010, and took the matter under advisement.

After consideration of the arguments of counsel in light of the applicable case law, the Court has determined that 1) the Amended Complaint states a claim plausible on its face that Mr. Reardon acted as an agent for an unidentified principal, and, therefore may be held liable as a party to the contract; 2) the statute of frauds is an affirmative defense that will not be considered on a motion to dismiss; and 3) the Amended Complaint fails to state a claim plausible on its face that Mr. Reardon is liable for civil conspiracy to defraud the Court. The Accordingly, the Court will deny the Motion to Dismiss as to the claim against Mr. Reardon for breach of contract, and will grant the Motion to Dismiss as to the claim for civil conspiracy to defraud the Court.

A.    BACKGROUND

Texas Reds, Inc. ("Texas Reds") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 16, 2004 (the "Texas Reds Bankruptcy Case"). Texas Reds operated a restaurant in Red River, New Mexico. Mr. William Gill is the principal of Texas Reds. Richard Parmley was appointed as Chapter 11 Trustee. The case converted to Chapter 7 on June 10, 2010, and Yvette Gonzales was appointed the Chapter 7 Trustee. Prior to the conversion of the case, Mr. Gill's daughter, Ms. Nancigail Miller, signed a letter of intent to purchase the assets of the restaurant for $50,000. On June 10, 2010, Mr. Reardon allegedly sent an e-mail with attachment to Dave Giddens, counsel for Ms. Gonzales, forwarding a "lease proposal and offer" concerning the restaurant. The purported letter from Mr. Reardon, dated June 10, 2010, confirmed that he forwarded to the Trustee's counsel the previous offer made by Nancigail Miller to purchase the fixture, furniture and equipment; stated that the Chapter 11 Trustee, Mr. Parmley, never acted on the offer; proposed a $250.00 week-to-week lease of the restaurant in order to keep the restaurant operating; and stated that Ms. Miller proposed to use

perishable inventory at the restaurant valued at approximately $3,000. (*See* Amended Complaint - Exhibit C).

The Chapter 7 Trustee filed two motions in the Texas Reds Bankruptcy Case relating to the sale of the restaurant and the restaurant inventory: 1) Expedited Motion to Approve Lease of Restaurant Assets and Sale of Inventory Pending Approval of Sale of All Restaurant Assets ("Lease/Inventory Motion") (Docket No. 218); and 2) Motion to Approve Sale of Restaurant Assets ("Restaurant Sale Motion")(Docket No. 216). An order granting the Lease/Inventory Motion was entered in the Texas Reds Bankruptcy Case on June 17, 2008. (Docket No. 220). An order granting the Restaurant Sale Motion ("Restaurant Sale Order") was entered in the Texas Reds Bankruptcy Case on August 26, 2008. (Docket No. 235). The Restaurant Sale Order authorized the sale of restaurant assets of Texas Reds to Nancigail Miller free and clear of liens for $50,000. Ms. Miller failed to close the sale. The Trustee eventually sold the restaurant assets to another buyer for $20,000.

The Chapter 7 Trustee filed this adversary proceeding against Ms. Miller seeking to recover: 1) the difference between the $50,000 sales price approved in the Restaurant Sale Order and the price she actually received, plus the amount of any taxes incurred during the period that Ms. Miller operated the restaurant that were not properly and timely reported and paid; and 2) $2500.00 representing unpaid rent. *See* Complaint for Breach of Contract ("Complaint") - Docket No. 1. On May 6, 2010, the Trustee filed the Amended Complaint joining Walter Reardon and William Gill as additional Defendants.

Count 1 of the Amended Complaint, entitled Breach of Contract and Civil Conspiracy, is the only count asserted against Mr. Reardon. Count I alleges, in part: 1) that Mr. Reardon, in his capacity as counsel for Mr. Gill and/or Ms. Miller, agreed that Ms. Miller would purchase the

restaurant assets of Texas Reds; 2) that he represented to the Trustee that the purchasing party was Ms. Miller, but that, in fact, Mr. Reardon's client was Mr. Gill; 3) that even though the offer was made in the name of Ms. Miller, Mr. Gill was providing the funds for the purchase; and 4) that throughout the negotiations and the filing of the motion to sell, Mr. Reardon never informed the Trustee that Ms. Miller was not his client, that she had not retained Mr. Reardon to negotiate on her behalf, or that she would not be the purchaser. The Trustee contends further that Mr. Reardon was either 1) "duped by Mr. Gill into believing that Ms. Miller was still interested in purchasing the restaurant assets," 2) was actually representing Ms. Miller, or 3) assisted Mr. Gill in attempting to acquire the assets without disclosing his true identity as the purchaser to the Trustee. (*See* Amended Complaint, paragraph 23).

The Trustee requests the following relief against Mr. Reardon, jointly and severally with the other Defendants: 1) $2,500, representing unpaid rent; 2) $30,000 as damages for breach of contract, representing the difference between the amount the Trustee actually realized from the sale of the restaurant and the amount the Trustee would have received had the sale to Ms. Miller closed, plus any unpaid/unreported taxes incurred during the time the restaurant was operated by Ms. Miller; and 3) pre- and post-judgment interest. Mr. Reardon asserts that Count 1 fails to state a claim against him for breach of contract for the following reasons: 1) the Trustee knew he was acting in his capacity as counsel; 2) the two agreements (for the sale of the restaurant assets and for the purchase of inventory and week-to-week lease) violate the statute of frauds and are, therefore, unenforceable; and 3) there is no allegation that Mr. Reardon was a purchaser, tenant, or occupant under either of the two agreements.

B.    STANDARDS FOR MOTION TO DISMISS:

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6),

Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P.  In

considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded

facts and evaluates those facts in the light most favorable to the plaintiff.  *Moore v. Guthrie,* 438

F.3d  1036, 1039 (10th Cir. 2006).  The time-tried standard of proof established by *Conley v.

Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), whereby a complaint should not

be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief" has now been replaced by the standard

enunciated in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under *Twombly,* in order to survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the

complaint must contain enough facts to state a cause of action that is "plausible on its face." 550

U.S. at 570.  In other words, the plaintiff must "nudge [his] claims across the line from

conceivable to plausible." *Id.*   In applying this new standard, the Tenth Circuit has suggested

that the trial court should "look to the specific allegations in the complaint to determine whether

they plausibly support a legal claim for relief" *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210,

1215,n.2 (10th Cir. 2007)(citation omitted).  The plaintiff must sufficiently allege all facts

necessary to support the required elements under the legal theory proposed.  *Lane v. Simon,* 495

F.3d 1182, 1186 (10th Cir. 2007)(citation omitted).

C.    DISCUSSION.

1.    Agency Theory of Liability:

Plaintiff asserts that Mr. Reardon can be held liable for breach of contract based on

agency principles.  In support of her theory, the Trustee alleges that Mr. Gill, not his daughter,

-5-

Ms. Miller, was the true party to the agreements for the sale of restaurant assets, inventory, and lease; that Mr. Reardon misrepresented that Ms. Gill was the true party; that Mr. Reardon acted as Mr. Gill's agent with respect to his entering into the agreements as an undisclosed principal; and that Mr. Reardon, therefore, is contractually liable as a party to the agreements.

Plaintiff relies primarily on *Powers v. Coffeyville Livestock Sales Co., Inc.,* 665 F.2d 311 (10th Cir. 1981). In *Powers,* the Tenth Circuit considered whether, under Kansas law, an auctioneer who did not disclose the owners' identity to buyers could be held contractually liable. In reversing and remanding the case for a determination as to whether the auctioneer disclosed the identity of the owners, the Tenth Circuit relied, in part, on traditional agency law which provides that "an agent is liable as if it were the principal when the agent acts for an undisclosed principal." 665 F.2d at 312. The Tenth Circuit noted further that "[t]his rule applies whether the agent holds itself out as a principal or only as agent but does not disclose the identity of the principal." *Id.* (citing *Bruce v. Smith,* 204 Kan. 473, 464 P.2d 224 (1970) and Restatement (Second) of Agency §§ 321-22 (1958)). *Powers* is not binding on this Court because it considered Kansas law. Whether Mr. Reardon may be held liable under agency principles as a party to the agreement for the sale of restaurant assets and the agreement for the sale of the inventory and interim lease is governed by New Mexico law.

Since *Powers* was decided, the Restatement of Agency was updated. The Restatement (Third) of Agency refines the definition of "undisclosed principal" and creates a new term, the "unidentified principal." Restatement (Third) of Agency defines these terms as follows:

> (b) *Undisclosed principal.* A principal is undisclosed if, when an agent and a third party interact, the third party has no notice that the agent is acting for a principal.

(c) *Unidentified principal.* A principal is unidentified if, when an agent and a third party interact, the third party has notice that the agent is acting for a principal but does not have notice of the principal's identity.**[1]**

Restatement (Third) of Agency § 1.04(2) (2006).

Despite the new terminology contained in the Restatement (Third) of Agency, the Court finds that the agency liability principle enunciated in *Powers,* describing an agent who discloses the agency relationship but does not disclose the identity of the principal, remains the same after issuance of Restatement (Third) of Agency. Further, because New Mexico courts consistently rely on the Restatement of Agency when considering principal/agent theories,[2] this Court will do likewise.

Under agency principles, an agent can be held contractually liable when acting on behalf of an unidentified principal, even when the contracting party knows that the agent is acting on behalf of another. *See* Restatement (Third) of Agency, § 6.02 (2006)("When an agent acting with actual or apparent authority makes a contract on behalf of an unidentified principal, (1) the principal and the third party are parties to the contract; and (2) the agent is a party to the contract unless the agent and the third party agree otherwise.").

---

[1]The Restatement (Third) of Agency explains further that:

> [t]he terms "partially undisclosed" principal and "unnamed" principal are synonyms for "unidentified" principal. The terminology "unidentified" principal is preferable. "Partially disclosed" misleadingly suggests that some portion of the principal's identity is known to the third party. "Unnamed principal" is too restrictive because a third party may know the principal's identity but not know the principal's name.

> Restatement (Third) Agency § 1.04, Comment b. (2006).

[2]*See, e.g., Otero v. Wheeler,* 102 N.M. 770, 701 P.2d 369 (N.M. 1985) (citing Restatement (Second) Agency to construe liability of undisclosed principal or partially disclosed principal under New Mexico law); *Morris Oil Co., Inc. v. Rainbow Oilfield Trucking, Inc.,* 106 N.M. 237, 741 P.2d 840 (N.M. Ct. App. 1987)(citing Restatement (Second) of Agency § 194 (1958) for the well established rule of law "that an agent for an undisclosed principal subjects the principal to liability for acts done on his account if they are usual or necessary in such transactions.").

Case 09-01132-j    Doc 44    Filed 07/27/10    Entered 07/27/10 15:57:00 Page 7 of 12

Here, Mr. Reardon asserts that he cannot be held liable under agency principles because all parties were, in fact, disclosed.  It is correct that the names of Mr. Gill and Ms. Miller were known to all parties, including the Trustee.  But what is not clear is whether Mr. Gill may have been the true purchaser.   Ms. Miller was identified in the Letter of Intent and in both the Restaurant Sale Order and the Lease/Inventory Order as the purchaser.  The Trustee alleges that if, in fact, Mr. Gill was the true purchaser, his identity as purchaser was not disclosed to the Trustee.

The facts alleged in Count 1 are sufficient to state a cause of action under this theory.

As explained in the Restatement,

[w]ithout notice of a principal's identity, a third party will be unable to assess the principal's reputation, assets, and other indicia of creditworthiness and ability to perform duties under the contract.

Restatement (Third) of Agency, § 6.02, Comment b. (2006).

Under Plaintiff's theory, Mr. Reardon acted as an agent for an unidentified principal, Mr. Gill, and entered into the agreements for the sale of the restaurant, the lease, and inventory purchase on behalf of an unidentified principal making him a party to the agreements.  At oral argument, counsel for the Trustee suggested that, had the Trustee known that the true buyer was Mr. Gill, the principal of the debtor, Texas Reds, she may have decided not to enter into the agreements.[3]

Based on the foregoing, the Court concludes that Count 1 sufficiently states a cause of action against Mr. Reardon for breach of contract based on his role as agent for an allegedly unidentified purchaser.  Neither *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.,* 106 N.M. 757, 750  P.2d  118 (N.M. 1988) nor *Tappen v. Ager,* 599 F.2d 376 (10th Cir. 1979), cited by Mr. Reardon, alter this result.  Mr. Reardon cites these cases for the proposition that there is no basis

---

[3] The Trustee also alleges, in the alternative, that Mr. Gill is liable as a party to the agreements.

for an opposing party to sue an attorney acting in a representative capacity because an attorney

has no duty to protect the interests of non-client adverse parties.  Plaintiff's complaint is not

based on Mr. Reardon's capacity as counsel; rather, Plaintiff's theory of recovery is premised on

Mr. Reardon's alleged role as agent in negotiating the sale, which, under the agency principles,

could render him liable as a party to the contracts.

### 2.    Statute of Frauds as an Affirmative Defense.

Mr. Reardon argues that Plaintiff cannot sustain her case against him because neither of

the agreements satisfies the statute of frauds.  The statute of frauds is an affirmative defense. *See*

*Sanchez v. Martinez,* 99 N.M. 66, 69, 653 P.2d 897, 900 (N.M. Ct. App. 1982)("The statute of

frauds is an affirmative defense applicable in actions seeking to enforce oral contracts.")(citing

*Skarda v. Skarda*, 87 N.M. 497, 536 P.2d 257 (N.M. 1975),  *Pitek v. McGuire*, 51 N.M. 364, 184

P.2d 647, 1 A.L.R.2d 830 (N.M. 1947) and *Balboa Const. Co. v. Golden*, 97 N.M. 299, 639 P.2d

586 (N.M. Ct.App.1981)).  The Court need not address Mr. Reardon's argument relating to his

statute of frauds defense in order to test the sufficiency of Plaintiff's complaint.  *See* Wright &

Miller, Federal Practice and Procedure, Civil 3d §1277 (2004)(noting that "defensive matters

cannot be the basis for a motion to dismiss the plaintiff's complaint.").  *See also Deckard v. Gen.*

*Motors Corp.,* 307 F.3d 556, 560 (7th Cir. 2002)(noting that a motion to dismiss was improper

when it raised an affirmative defense, stating that "the existence of a defense does not undercut

the adequacy of the claim.")(citation omitted).

### 3.    Civil Conspiracy to Defraud the Court.

Though the Amended Complaint is entitled "Plaintiff's First Amended Complaint for

Breach of Contract and for Damages Caused by Civil Conspiracy to Defraud the Court and for

Recovery of Account Receivable," and Count I is entitled "Breach of Contract and Civil

-9-

Conspiracy," the Amended Complaint fails to state a cause of action for civil conspiracy to defraud the Court. There are no allegations that Mr. Reardon took any improper action to mislead the Court. He did not approve or sign the Restaurant Sale Order or the order granting the Lease/Inventory Motion, and there is no allegation that he presented any evidence or made any argument to the Court that expressly or impliedly misrepresented the true identity of the purchaser of the restaurant assets.

Fraud upon the court can serve as a basis for relief from an order or judgment under Rule 60(b), Fed.R.Civ.P. But Plaintiff is not seeking relief from an order or judgment. It is not clear that, absent obtaining relief from an order or judgment, a complainant could bring an independent cause of action for damages based on fraud upon the court. *See In re R & R Associates of Hampton,* 248 B.R. 1, 6 (Bankr.D.N.H. 2000)(acknowledging that "there is limited authority for awarding damages in an action brought for fraud on the court[,]" but noting that "most courts have ruled that jurisdiction is limited to granting relief from the judgment or order.")(citations omitted); *Chewing v. Ford Motor Co.,* 35 F.Supp.2d 487, 491 (D.S.C. 1998)(finding that nothing in the case law "suggest[s] the existence of an independent action for damages" based upon an alleged fraud upon the court). The Court will, therefore, grant the Motion to Dismiss to the extent the Amended Complaint seeks damages based upon an alleged fraud upon the Court.

Nor does the Amended Complaint sufficiently state a cause of action for civil conspiracy. "[T]o state a cause of action for [civil] conspiracy, the complaint must allege (1) the existence of the conspiracy; (2), the wrongful act or acts done pursuant to the conspiracy; and (3) the damage resulting from such act or acts." *Las Luminarias of the New Mexico Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (N.M. Ct. App. 1978)(citations omitted). The

-10-

Amended Complaint does not specifically allege a conspiracy among Mr. Reardon and the other Defendant(s) to carry out wrongful acts. Conclusory statements of a conspiracy, without sufficient facts from which the Court may infer that Mr. Reardon acted in concert to engage in a wrongful act, are not sufficient to state a claim for civil conspiracy. *See Saylor v. Valles,* 133 N.M. 432, 439, 63 P.2d 1152, 1159 (N.M. Ct.App. 2002)(granting motion to dismiss civil conspiracy claim where plaintiffs' conclusory statements were insufficient for the court to "directly or inferentially conclude that Defendants agreed to do wrongful acts."). Indeed, the Amended Complaint states that Mr. Reardon may have been "duped by Defendant Gill into believing that Defendant Miller was still interested in purchasing assets," which suggests that, even if there had been some sort of agreement that could be construed as a conspiracy, Mr. Reardon may not have been aware of it. At the final hearing on the Motion to Dismiss, counsel for the Trustee acknowledged that the conspiracy claim is not really a separate claim, but is really part of the underlying allegations to support her theory of recovery for breach of contract. For these reasons, the Court will also grant Defendant Reardon's Motion to Dismiss as to any claim for civil conspiracy to defraud the Court.

D.    CONCLUSION

Based on the foregoing, the Court concludes that the Motion to Dismiss should be denied as to the claim against Mr. Reardon for breach of contract, and granted as to the claim for civil conspiracy to defraud the Court. An appropriate order consistent with this Memorandum Opinion will be entered.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   July 27, 2010

Case 09-01132-j    Doc 44    Filed 07/27/10    Entered 07/27/10 15:57:00 Page 11 of 12

COPY TO:

**Christopher M Gatton**
**Patricia A. Bradley**
**George D. Giddens, Jr.**
Law Office of George Dave Giddens, PC
Attorneys for Plaintiff
10400 Academy Rd., #350
Albuquerque, NM 87111

**Walter L Reardon, Jr**
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

**Shay E Meagle**
Attorney for Defendant Nancigail Miller
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112-2860

**Paul David Mannick**
Paul D Mannick Firm
Attorney for Defendant William Gill
1210 Luisa St #5
Santa Fe, NM 87505

-12-